UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NOEL A. SIMONELLI,

                            Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

                            Defendant.

CASE NO. 3:16-CV-05803-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Noel A. Simonelli filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

review of Defendant's denial of Paula Rachelle Simonelli's[2] application for disability insurance

benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local

Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate

Judge. *See* Dkt. 4.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is
substituted as Defendant for former Acting Commissioner Carolyn W. Colvin.  42 U.S.C. § 405(g); Fed. R. Civ. P.
25(d)(1).
[2] Paula Rachelle Simonelli died and Plaintiff, Noel A. Simonelli, filed form HA-539 entitled Notice
Regarding Substitution of Party Upon Death of Claimant. *See* Dkt. 9, p. 2; AR 5-7.

1   After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

2   erred when he failed to properly consider the opinions of state agency psychologist Dr. Edward

3   Beaty, Ph.D. and examining physician Dr. Ronald Nielsen, M.D. Had the ALJ properly

4   considered these doctors' opinions, the residual functional capacity ("RFC") assessment may

5   have included additional limitations. The ALJ's errors are therefore not harmless, and this matter

6   is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting

7   Commissioner for further proceedings consistent with this Order.

8   <u>FACTUAL AND PROCEDURAL HISTORY</u>

9   On July 16, 2013, Paula Rachelle Simonelli ("Ms. Simonelli") filed an application for

10   DIB, alleging disability as of March 19, 2010. *See* Dkt. 7, Administrative Record ("AR") 18. The

11   application was denied upon initial administrative review and on reconsideration. *See* AR 18. A

12   hearing was held before ALJ Robert Kingsley on December 9, 2014. *See* AR 32-56. In a decision

13   dated March 25, 2015, the ALJ determined Ms. Simonelli to be not disabled. *See* AR 18-27. Ms.

14   Simonelli sought review of the ALJ's decision by the Appeals Council; however, she died while

15   the request for review was pending. *See* AR 5. Plaintiff filed a Notice Regarding Substitution of

16   Party Upon Death of Claimant. *See* Dkt. 9; AR 5-7. On July 25, 2016, the Appeals Council

17   denied the request for review, making the ALJ's decision the final decision of the Commissioner.

18   *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

19   In Plaintiff's Opening Brief, Plaintiff maintains the ALJ committed harmful error by

20   failing to properly evaluate the opinions of Dr. Edward Beaty, Ph.D. and Dr. Ronald Nielsen,

21   M.D. *See* Dkt. 9, p. 1.[3]

22

23   ―――――――――――――

24   [3] Plaintiff also alleged the ALJ erred in assessing Ms. Simonelli's subjective symptom testimony, but did not include argument regarding this alleged error and concedes the issue has been waived. *See* Dkt. 9, 14.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.        Whether the ALJ properly weighed the medical opinion evidence.**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750

1   ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant

2   evidence as a reasonable mind might accept as adequate to support a conclusion").

3       A.  <u>Dr. Beaty</u>

4       Plaintiff alleges the ALJ failed to properly consider the opinion of state agency

5   consultative physician, Dr. Edward Beaty, Ph.D. Dkt. 9, pp. 2-5. Dr. Beaty completed a Mental

6   RFC assessment of Ms. Simonelli on September 17, 2013. AR 65-67. Dr. Beaty found Ms.

7   Simonelli was moderately limited in her ability to understand and remember detailed

8   instructions, carry out detailed instructions, and maintain attention and concentration for

9   extended periods. AR 65-66. He noted Ms. Simonelli's psychiatric symptoms and medication

10   use reduced her ability to have extended focus. AR 66. Dr. Beaty opined Ms. Simonelli could

11   maintain attention and concentration for at least two hour intervals on simple and complex recent

12   or well-learned tasks. AR 66. He found Ms. Simonelli could not return to her past relevant work

13   because semi-skilled work was not compatible with her mental RFC limitations. AR 67.

14       Regarding Dr. Beaty's opinion, the ALJ stated, in full:

15       I give little weight to the mental assessment performed by state agency
      psychological consultant Edward Beaty, Ph.D. His finding that the claimant had

16       mild limitations in her ability to perform activities of daily living and in her social
      functioning, and moderate limits in her ability to maintain concentration,

17       persistence, and pace, is (1) inconsistent with the record as a whole and (2) with
      the claimant's demonstrated functioning, as discussed above.

18
  AR 25 (numbering added).

19

20       First, the ALJ found Dr. Beaty's opinion was inconsistent with the record as a whole. AR

21   25. An ALJ need not accept an opinion which is inadequately supported "by the record as a

22   whole." *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

23   However, a conclusory statement finding an opinion is inconsistent with the overall record is

24   insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22. Here, the ALJ failed to

1    identify any specific evidence contained within the record which failed to support Dr. Beaty's

2    opinion. *See* AR 25. Without more, the ALJ has failed to meet the level of specificity required,

3    and the ALJ's conclusory statement finding "the record as a whole" as inconsistent with Dr.

4    Beaty's opinion is not sufficient. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014)

5    ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing

6    more than ignoring it, asserting without explanation that another medical opinion is more

7    persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for

8    his conclusion").

9            Second, the ALJ gave little weight to Dr. Beaty's opinion because it is inconsistent with

10   Ms. Simonelli's "demonstrated functioning, as discussed above." AR 25. The Court notes it is

11   unclear what "functioning" the ALJ is referencing. *See id*. The ALJ's decision contains a

12   summary of the medical evidence, including Plaintiff's activities of daily living. *See* AR 24-25.

13   The ALJ's decision, however, does not identify what evidence is contradictory to Dr. Beaty's

14   findings or explain how Dr. Beaty's opinion is inconsistent with Plaintiff's "demonstrated

15   functioning." Without an adequate explanation, the Court cannot determine if the ALJ's decision

16   to give little weight to Dr. Beaty's opinion is supported by specific, substantial evidence. *See*

17   *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the

18   reasoning behind its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*,

19   331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge

20   from the evidence to her conclusions so that we may afford the claimant meaningful review of

21   the SSA's ultimate findings.").

22

23

24

1    For the above stated reasons, the Court finds the ALJ did not provide specific reasons

2 supported by substantial evidence for giving little weight to Dr. Beaty's opinion. Accordingly,

3 the ALJ erred.

4    "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

5 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

6 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

7 *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

8 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

9 application of judgment" by the reviewing court, based on an examination of the record made

10 "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

11 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

12    Dr. Beaty found Ms. Simonelli was unable to perform semi-skilled work and would be

13 unable to perform her past relevant work. AR 67. The ALJ, however, did not assess any mental

14 limitations in the RFC and found Ms. Simonelli capable of performing her past relevant work.

15 *See* AR 22-23, 26. Had the ALJ properly considered Dr. Beaty's opinion, the RFC and the

16 hypothetical question posed to the vocational expert, Joseph Moisan, may have included

17 additional limitations and the ultimate disability determination may have changed. Accordingly,

18 ALJ's error is not harmless and requires reversal.

19    B.   Dr. Nielsen

20    Plaintiff contends the ALJ erred when he failed to discuss significant, probative evidence

21 contained in the opinion of examining physician Dr. Ronald Nielsen, M.D. Dkt. 9, pp. 5-6.

22 Specifically, Plaintiff alleges the ALJ failed to consider Dr. Nielsen's opinion regarding Ms.

23 Simonelli's (1) diagnosis and prognosis and (2) daytime sedation. *Id*. The ALJ "need not discuss

24

1    all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir.

2    1984). However, the ALJ "may not reject 'significant probative evidence' without explanation."

3    *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The

4    "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at

5    571.

6          Dr. Nielsen completed a Physical Disability Evaluation of Ms. Simonelli on November 3,

7    2013. AR 429-33. He found, in relevant part, Ms. Simonelli's "clinical exam and laboratory data

8    are consistent with her diagnosis of Cirrhosis. Chronic fatigue and intermittent confusion are

9    symptoms of advanced Cirrhosis. Cirrhosis is generally a progressive disease with variable time

10   course from months to a few years." AR 432. Dr. Nielsen also found Ms. Simonelli "is on

11   numerous medications that can cause daytime sedation consistent with her history." AR 432.

12         The ALJ gave partial weight to Dr. Nielsen's observations and opinion. AR 26. He

13   discussed Dr. Nielson's findings regarding Ms. Simonelli's diagnosis and prognosis, stating Dr.

14   Nielsen "reported that the clinical examination and lab data were consistent with the diagnosis of

15   cirrhosis, noting that chronic fatigue and intermittent confusion are symptoms of advanced

16   cirrhosis." AR 26. The ALJ stated he gave this portion of Dr. Nielsen's opinion significant

17   weight. The ALJ, however, does not explain how the RFC accounts for Dr. Nielsen's opinions

18   regarding Ms. Simonelli's diagnosis and prognosis, *see* AR 26, and the RFC does not expressly

19   contain mental functioning limitations or limitations which account for fatigue. *See* AR 22-23.

20   Additionally, the ALJ's decision is silent as to Dr. Nielsen's opinion that Ms. Simonelli is on

21   numerous medications which can cause daytime sedation. *See* AR 26. Without discussion of Dr.

22   Nielsen's opinion regarding Ms. Simonelli's daytime sedation, the Court cannot determine if the

23   ALJ properly considered this evidence.

24

1    As the ALJ failed to adequately explain his consideration of Dr. Nielsen's opinion

2    regarding Plaintiff's diagnosis, prognosis, and daytime sedation, the Court cannot determine if

3    the ALJ properly considered the findings or simply ignored the evidence. Accordingly, the ALJ

4    erred by failing to explain the weight given to all the limitations opined to by Dr. Nielsen. *See*

5    *Flores*, 49 F.3d at 571 (an "ALJ's written decision must state reasons for disregarding

6    significant, probative evidence"); *Brown-Hunter*, 806 F.3d at 492; *Blakes*, 331 F.3d at 569.

7    As discussed above, "harmless error principles apply in the Social Security context."

8    *Molina*, 674 F.3d at 1115. An ALJ's failure to discuss a medical opinion is not harmless error.

9    *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). When the ALJ ignores significant and

10   probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s]

11   an incomplete [RFC] determination." *Id.* at 1161.

12   The ALJ's failure to discuss portions of Dr. Nielsen's opinion resulted in an incomplete

13   RFC. Dr. Nielsen found Plaintiff suffered from daytime sedation and noted cirrhosis causes

14   chronic fatigue and confusion. *See* AR 432. The ALJ did not limit Plaintiff's work productivity

15   or attendance in the RFC. AR 22-23. Had the ALJ properly considered Dr. Nielsen's opinion

16   regarding Plaintiff's diagnosis, prognosis, and daytime sedation, the ALJ may have included

17   additional limitations in the RFC and in the hypothetical question posed to the vocational expert.

18   As the ultimate disability determination may change, the ALJ's failure to discuss Dr. Nielson's

19   entire opinion is not harmless and requires reversal.

20                                    <u>CONCLUSION</u>

21   Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

22   Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

23

24

1   this matter is remanded for further administrative proceedings in accordance with the findings

2   contained herein.

3        Dated this 17th day of March, 2017.

4

5                               David W. Christel

6                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9